T.C. Summary Opinion 2008-115

UNITED STATES TAX COURT

CARLOS MARTINEZ OLIVIO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 311-07S.                    Filed September 8, 2008.

Carlos Martinez Olivio, pro se.

Steven D. Tillem and Maria T. Stabile, for respondent.

THORNTON, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended and in effect for the
year at issue, and Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $4,043 deficiency in petitioner's 2005 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his cousin; (2) whether petitioner is entitled to an earned income tax credit; and (3) whether petitioner is entitled to a child tax credit.

## Background

The parties have stipulated some facts, which we incorporate herein. When he petitioned the Court, petitioner resided in New York.

During 2005 petitioner turned 22 years old. He worked in a garage in New York City. He lived in an apartment in New York City with his mother, grandmother, grandfather, sister, and cousin, M.M.,[2] who was 9 years old. M.M.'s parents lived in the Dominican Republic.

Petitioner was the only one in his household who had a job. In addition to contributing to the household expenses, petitioner paid for most of M.M.'s personal expenses including school supplies, clothing, and a trip to Santo Domingo for the child to visit his parents.

---

[2] The Court uses initials when referring to a minor child. Rule 27(a)(3).

For taxable year 2005 petitioner timely filed his income tax return as a head of household.  Petitioner claimed his mother and M.M. as dependents and also claimed the earned income tax credit and the child tax credit.

In the notice of deficiency respondent disallowed both of petitioner's claimed dependency exemption deductions, the earned income credit, and the child tax credit, and determined petitioner's filing status to be single rather than head of household, thus determining a $4,043 deficiency in his 2005 Federal income tax.  Before trial respondent conceded the dependency exemption for petitioner's mother and also conceded petitioner's filing status as head of household.

Discussion

## 1. Dependency Exemption

A taxpayer is entitled to claim a dependency exemption only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d).  Sec. 152(a).

A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them.  Sec. 152(c)(2).  Because he is petitioner's cousin, M.M. is not a qualifying child within the meaning of section 152(c)(2).

An individual who is not a qualifying child may still, under certain conditions, qualify as a dependent if he or she is a

qualifying relative.  Sec. 152(a).  Under section 152(d)(1), a qualifying relative is an individual:  (A) Who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount ($2,000 for 2005); (C) who receives over one-half of his support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

Section 152(d)(2) lists eight types of qualifying relationships, seven of which involve various familial relationships that do not include cousins.  Sec. 152(d)(2)(A)-(G).  The eighth type of qualifying relationship applies to an individual, other than the taxpayer's spouse, who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year.  Sec. 152(d)(2)(H). In order for an individual to be considered a member of a taxpayer's household, the taxpayer must maintain the household, and both the taxpayer and the individual must occupy the household for the entire taxable year.  Sec. 1.152-1(b), Income Tax Regs.  A taxpayer maintains a household if he or she furnishes more than one-half of the household's expenses.  See sec. 2(b); Rev. Rul. 64-41, 1964-1 C.B. (Part 1) 84.

Respondent has conceded that petitioner qualifies for head of household status and thereby has effectively conceded that

petitioner maintained the household for 2005.  There is no dispute that M.M. occupied the household for all of 2005. Accordingly, M.M. satisfies the qualifying relationship test pursuant to section 152(d)(2)(H).

In addition, we conclude that petitioner provided over one-half of M.M.'s support for 2005.  As suggested by the previous discussion, in conceding that petitioner qualifies for head of household filing status respondent has effectively conceded that petitioner provided over one-half of the household's expenses. M.M., as a member of the household, is considered to have received an equal part of these contributions as his support. See De La Garza v. Commissioner, 46 T.C. 446 (1966), affd. per curiam 378 F.2d 32 (5th Cir. 1967).  Moreover, we have found that petitioner paid for most of M.M's personal expenses.

Finally, respondent does not contend and the record does not suggest that M.M.'s income for 2005 was $2,000 or more.  As previously discussed, M.M. was not a qualifying child of petitioner; respondent does not contend and the record does not suggest that he was a qualifying child of any other taxpayer for 2005.

We conclude that for 2005 M.M. was a qualifying relative of petitioner within the meaning of section 152(d) and thus petitioner's dependent under section 152(a)(2).  Accordingly,

petitioner is entitled to a dependency exemption deduction for M.M. for 2005.

2. <u>Earned Income Credit</u>

Section 32(a) permits an "eligible individual" to claim an earned income credit against his income tax liability. An eligible individual is defined in section 32(c)(1)(A) as either (1) any individual who has a qualifying child for the taxable year, or (2) any other individual who does not have a qualifying child for the taxable year if the individual's principal place of abode is in the United States for more than one-half of the taxable year, the individual is between 25 and 65 years old before the end of the taxable year, and the individual is not a dependent for whom a deduction is allowable under section 151 to another taxpayer.

As discussed above, petitioner did not have a qualifying child for taxable year 2005. Moreover, during the year at issue petitioner turned 22 years old and so did not meet the age requirement of section 32(c)(1)(A)(ii)(II). Therefore, petitioner does not qualify for the earned income credit. Respondent's determination on this issue is sustained.

3. <u>Child Tax Credit</u>

Section 24(a) allows a tax credit for each qualifying child of a taxpayer. For this purpose, a qualifying child means an individual under age 17 who is a qualifying child of the taxpayer

as defined in section 152(c).  Sec. 24(c)(1).  As discussed above, M.M. is not a qualifying child of petitioner under section 152(c).  Therefore petitioner is not entitled to the child tax credit for M.M. for taxable year 2005.  Respondent's determination on this issue is sustained.

To reflect the foregoing and concessions by respondent,

<u>Decision will be entered under Rule 155</u>.